# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| In Re: ) | Case No.: 16-01825-als11 |
| ) | |
| **FANSTEEL FOUNDRY** ) | Chapter 11 (Confirmed) |
| **CORPORATION, f/k/a WELLMAN** ) | |
| **DYNAMICS CORPORATION** ) | Hon. Anita L. Shodeen |
| ) | |
| Reorganized Debtor ) | **REORGANIZED DEBTOR'S MOTION** |
| ) | **AS PLAN PROPONENT TO AMEND** |
| PO Box 391 ) | **CONFIRMED JOINT COMBINED** |
| Creston, IA 50801 ) | **DISCLOSURE STATEMENT AND** |
| ) | **PLAN OF LIQUIDATION DATED** |
| EIN: 36-1058780 ) | **JUNE 22, 2018, AS AMENDED** |
| ) | |
| _____ ) | No Hearing Set |

**COMES NOW** Fansteel Foundry Corporation f/k/a Wellman Dynamics Corporation ("WDC" or the "Debtor"), Plan Proponent and Reorganized Debtor herein, by and through its duly-employed General Reorganization Counsel, Jeffrey D. Goetz, Esq., and Krystal R. Mikkilineni, Esq, of the law firm of Bradshaw, Fowler, Proctor & Fairgrave, P.C., and hereby respectfully files the instant motion for order amending the definition of Professional Fee Claim in the Joint Combined Disclosure Statement and Plan of Liquidation Dated June 22, 2018, as amended, and in support of this Motion, the Debtor would show this Honorable Court as follows:

1. On September 13, 2016 (the "Petition Date"), Fansteel, Inc. ("Fansteel"), WDC, and Wellman Dynamics Machinery & Assembly, Inc. ("WDMA") (collectively, the "Debtors") filed their Voluntary Petitions under Chapter 11 of the Bankruptcy Code (Docket Item 1). Debtors filed motions to jointly administer the cases pursuant to Bankruptcy Rule 1015(b) and the Court entered an Order authorizing joint administration on October 17, 2016 (Docket Item 207). The Court subsequently entered an Order on May 24, 2017 vacating its prior Order granting joint administration and discontinuing the joint administration of the Debtors' cases under the lead case of Fansteel (Docket Item 891).

2. Incorporated in the Court's order vacating joint administration of the cases, the Court advised that from the date of the Order, all parties were to make any future filings in the appropriate bankruptcy case for the identified debtor. It was understood by the parties that all of the Debtors', Committees' and secured creditors' professionals employed by the three bankruptcy estates that applications for compensation from the Petition Date to May 24, 2017 should be filed in the Fansteel case only. The premise understood by the various professionals was that subsequent to May 24, 2017, the professionals seeking compensation would need to keep their time separate for each of the three estates.

3. In multiple discussions, conversations, and written communications both before and after May 24, 2018, the various professionals agreed that:

   a. the Fansteel estate could not and would not likely ever be in a position to afford and pay all of the interim fees approved by the Court between the Petition Date and May 24, 2017, for all three estates, based in no small part that the Fansteel estate had very little net operating revenue from its Intercast Division, and there were very few other assets to liquidate that might generate funds to pay secured claims, let alone professional fees and other pre- and post-petition administrative expense claims.

   b. Since approximately 87% of all revenue generated pre-petition on a consolidated basis by the three bankruptcy estates came from the WDC estate, and the fact that the overwhelming majority of all the revenue generated from the sale of substantially all the assets of the WDC estate would be the only "engine to drive the train" for payment of professional fees and expenses, that the funds in the WDC estate would be the only way to ensure that all professionals entitled to

        compensation from all three bankruptcy estates would be paid.

    c.    Because of the foregoing, the professionals agreed to defer payment of any and all interim, approved fees from all three estates until after the sale of the WDC assets and until after the WDC Plan was confirmed.

4.    In April 2017, the Debtor began engaging in good-faith discussions with both TCTM Financial FS, LLC ("TCTM") and the Official Committee of Unsecured Creditors (the "Committee") as to a path forward, culminating in a the sale of substantially all of the assets of WDC free and clear of any liens, claims, interests and encumbrances (the "Acquired Assets") to TCTM.

5.    Good-faith and arms-length negotiations resulted in the Debtor executing an Asset Purchase Agreement (hereinbefore and after, the "APA") with TCTM, resulting in an auction sale the Acquired Assets, in which TCTM was the successful bidder.  The Debtor subsequently closed that sale transaction with TCTM on May 7, 2018 (Docket Item 689).

6.    Subsequently, the Debtor and the Committee (collectively the "Plan Proponents") filed their Joint Combined Disclosure Statement and Plan of Liquidation (the "Plan") on June 22, 2018 (Docket Items 758 and 759).  The Plan was subsequently amended prior to confirmation by the Plan Proponents with a First Amendment on June 26, 2018 (Docket Item 766) and a Second Amendment on July 25, 2018 (Docket Item 804).

7.    Prior to and during the formulation, negotiating and drafting of the Plan, the Debtor and the Committee contemplated and agreed that the WDC Plan would include a provision for payment of the professional fees and expenses incurred by all the professionals in all three bankruptcy estates would be paid through and by the WDC estate, through confirmation of the WDC Plan.

8.  The agreement among the Plan Proponents to provide for the WDC estate to pay the professional fees and expenses for all three bankruptcy estates, through confirmation of the WDC Plan, was evidenced by the following:

    a. During the pendency of these bankruptcy cases, due to the agreed deferment of payment of interim, approved fees, the Debtor generated, maintained, updated and circulated a spreadsheet entitled "Professional Fee Tracking Chart" among all professionals. The Professional Fee Tracking Chart was revised, updated and circulated to the estate professionals multiple times, so everyone was kept abreast of the professional fees and expenses incurred in these cases. The Professional Fee Tracking Chart was referenced regularly, and an integral part of the plan formulation and drafting process, including generation of multiple iterations of the "Waterfall Analysis" spreadsheets used in the Plan.

    b. All versions of the "Waterfall Analysis" spreadsheets used and shared by the Plan Proponents prominently incorporated the information and analysis represented on the Professional Fee Tracking Chart, thus supporting the intent of the parties to have the WDC estate pay for the professional fees and expenses from all three bankruptcy estates, through confirmation of the WDC Plan.

    c. The interim fee applications filed by the Debtors' General Reorganization Counsel provide ample detailed evidence of the multiple communications between counsel for the Debtors and Committees before and after May 24, 2017 regarding payment of professional fees and expenses from the WDC Bankruptcy Estate.

9.  On October 26, 2018, the Court entered its order confirming the Joint Combined

4

Disclosure Statement and Plan of Liquidation Dated June 22, 2018, as amended (Docket Items 758, 759, 766, 804).

10.    Pursuant to Article VIII of the Plan, on November 10, 2018, Notice of Effective Date (Docket Item 983) was filed with the Court advising that November 10, 2018 was the Effective Date of the Plan. The occurrence of the Effective Date resulted in the creation of the Liquidation Trust and the appointment of Daniel F. Dooley of Morris Anderson as Liquidation Trustee with the responsibility for administration of the Liquidation Trust.

11.    In the period immediately prior to and after the Effective Date, the Liquidation Trustee, individually and through his counsel of record, advised Debtors' General Reorganization Counsel that based on his reading and interpretation of the Plan, he was only authorized to pay:

    a. All Professional Fee Claims approved on an interim and final basis for all three bankruptcy estates for the period beginning on the Petition Date through and including May 24, 2017.

    b. All Professional Fee Claims approved on an interim and final basis for the WDC Bankruptcy Case only beginning on May 25, 2017 through and including the Effective Date of the WDC Plan.

12.    On Page 4 of the Plan, "Bankruptcy Case" or "Case" is defined as:

"The WDC Debtor's proceedings arising under title 11 of the United States Code filed in the Bankruptcy Court for the Southern District of Iowa (Case No. 16-01825-als11) that commenced on September 13, 2016."

13.    On Page 7 of the Plan, "Effective Date" is defined as: "The date on which the conditions to the Plan becoming effective have been satisfied or waived by the Committee as set forth herein."

14. On Page 9 of the Plan, "Liquidation Trustee" is defined as:

"The person or entity that will sell and otherwise liquidate the WDC Assets and Causes of Action and make Distributions to Creditors and others under this Plan; in this case, Daniel F. Dooley of Morris Anderson, or any successor thereto."

15. On Page 11 of the Plan, "Plan Proponent" is defined as the "WDC Debtor and the Committee."

16. Also on Page 11 of the Plan, "Professional Fee Claim" is defined as:

Any Claim of (a) a Professional, retained in the *Bankruptcy Case*, pursuant to sections 327, 363 or 1103 of the Bankruptcy Code and/or members of the Committee, for compensation or reimbursement of costs and expenses relating to services incurred in their capacity as a Member after the Petition Date, but prior to and including the Confirmation Date, when and to the extent any such Claim is Allowed by the Bankruptcy Court pursuant to sections 329, 330, 331, 503(b), or 1103 of the Bankruptcy Code, or (b) a Person seeking compensation and reimbursement pursuant to section 503(b)(4) of the Bankruptcy Code. (emphasis added).

17. Bankruptcy Code section 1127(b) states, in pertinent part:

The proponent of a plan or the reorganized debtor may modify such plan at any time after confirmation of such plan and before substantial consummation of such plan, but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title. Such plan as modified under this subsection becomes the plan only if circumstances warrant such modification and the court, after notice and a hearing, confirms such plan as modified, under section 1129 of this title.

18. Article X, Paragraph K of the Plan, "Post-Confirmation Amendment Not Requiring Re-solicitation", states:

After the entry of the Confirmation Order, the Plan Proponent may modify the Plan to remedy any defect or omission or to reconcile any inconsistencies in the Plan or in the Confirmation Order, as may be necessary to carry out the purposes and effects of the Plan, provided: (i) the Committee obtains Bankruptcy Court approval of such modification, after notice and a hearing; and (ii) such modification shall not materially and adversely affect the interests, rights, or treatment of any Class under the Plan.

19. Article X, Paragraph T of the Plan, "Termination of Committee" states "[t]he

Committee shall, absent Court Order to the contrary, terminate on the Effective Date."

20. In good-faith settlement discussion between the Debtor and Liquidating Trustee, it was determined that modification of the definition of Professional Fee Claim, so that it is abundantly clear that Professional Fee Claim includes those fees and expenses incurred by all three bankruptcy estates after May 24, 2017 and approved by the Court, would provide the Liquidation Trustee with enough clarification, and corresponding authority, to fulfill the parties intents, desires and wishes.

21. Pursuant to Bankruptcy Code section 1127(b) and the above-cited provisions of the Plan, the Debtor[1] seeks court order amending the definition of Professional Fee Claim as follows:

> Professional Fee Claim: Any Claim of (a) a Professional, retained in the WDC, Fansteel and WDMA Bankruptcy Cases, pursuant to sections 327, 363 or 1103 of the Bankruptcy Code and/or members of the Committee, for compensation or reimbursement of costs and expenses relating to services incurred in their capacity as a Member after the Petition Date, but prior to and including the Confirmation Date, when and to the extent any such Claim is Allowed by the Bankruptcy Court pursuant to sections 329, 330, 331, 503(b), or 1103 of the Bankruptcy Code, or (b) a Person seeking compensation and reimbursement pursuant to section 503(b)(4) of the Bankruptcy Code. (redline added).

22. The Debtor is informed and believes and thereupon alleges that the proposed amendment above, if approved by the Court, will satisfy the Liquidation Trustee's need for clarity and provide him with the requisite authorization under the Plan to duly pay all Court-approved Professional Fee Claims of professionals from all three bankruptcy cases through Confirmation of the WDC Plan.

23. The Debtor is further informed and believes and therefore alleges that Article X,

---

[1] As noted above, because the Committee was terminated upon the Effective Date, the Debtor, as the remaining Plan Proponent, seeks modification of the Plan pursuant to Bankruptcy Code section 1127(b) and Article X of the Plan.

Paragraph L applies in that the proposed amendment is "non-material", and does not prejudice any parties subject to the Plan, as payment of all allowed professional fees and expenses has been contemplated and intended by the Plan Proponent.

**WHEREFORE**, Debtor, as Plan Proponent, and pursuant to Bankruptcy Code section 1127 and the Plan, respectfully requests that this Court enter an order amending the Plan's definition of Professional Fee Claim to clarify and authorize the Liquidation Trustee to pay all allowed Professional Fee Claims from professionals in all three bankruptcy cases, through Confirmation of the WDC Plan, and for such other and further relief as is appropriate under the circumstances.

Dated: 5/24/2018

/s/ Jeffrey D. Goetz
Jeffrey D. Goetz, Esq., AT0002832
Krystal R. Mikkilineni, Esq., AT0011814
Bradshaw, Fowler, Proctor & Fairgrave, P.C.
801 Grand Avenue, Suite 3700
Des Moines, IA 50309-8007
515/246-5817
515-256-5808 FAX
goetz.jeffrey@bradshawlaw.com
mikkilineni.krystal@bradshawlaw.com

General Reorganization Counsel for Fansteel Foundry Corporation, Plan Proponent and Reorganized Debtor

CERTIFICATE OF SERVICE

This document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing.

/s/ Barbara Warner

8